IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | |
|---|---|
| Tony Dominguez<br>6924 18th Avenue<br>Hyattsville, MD 20783 | *<br><br>* |
| Gerado Ventura<br>3690 Sellman Road<br>Beltsville, Maryland 20705 | *<br><br>* |
| Kunauth ("Anthony") Persaud<br>14614 Old Stage Road<br>Bowie, Maryland 20720 | *<br><br>* |
| Jose Munoz<br>8026 14th Avenue, Apt. 102<br>Hyattsville, Maryland 20783 | *<br><br>* |
| *On behalf of themselves and<br>others similarly situated*<br><br>**Plaintiffs** | *<br>*<br>* |
| v. | Case No. _____<br>**JURY TRIAL REQUESTED** |
| Microfit Auto Parts, Inc.<br>SERVE ON: Inder S. Bain<br>6013 Riggs Road<br>Laytonsville, Maryland 20882 | *<br>*<br>* |
| Inder S. Bain<br>6013 Riggs Road<br>Laytonsville, Maryland 20882 | *<br>* |
| Kamaljit K. Bain<br>6013 Riggs Road<br>Laytonsville, Maryland 20882 | *<br>* |
| **Defendants** | * |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Messrs. Tony Dominguez, Gerado Ventura, Kunauth ("Anthony") Persaud,

and Jose Munoz, by and through their undersigned counsel, states a collective action complaint against Defendants Microfit Auto Parts, Inc., Inder S. Bain, and Kamaljit K. Bain, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and supplemental state law claims under the Maryland's Wage and Hour Law, Md. Code Ann., LE Art. § 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., LE Art. § LE 3-501 *et seq.* ("MWPCL"), and demand a jury trial, as follows:

## Introduction

1.  This is a collective action for unpaid wages, damages, and relief provided by the FLSA, 29 U.S.C. § 201 *et seq.*, the MWHL, Md. Code Ann., LE Art. § 3-401 *et seq.*, and the MWPCL, Md. Code Ann., LE Art. § 3-501 *et seq.* Plaintiffs bring this action on behalf of themselves and all persons similarly situated delivery drivers who have worked at Microfit Auto Parts, Inc. in Beltsville, Maryland, which is owned, controlled and operated by the Defendants named herein.

2.  Plaintiffs seek on behalf of themselves and others similarly situated, in addition to the actual sums owed in unpaid minimum wages and overtime wages, liquidated and statutory damages pursuant to the FLSA, MWHL, and MWPCL, commissions earned and underpaid under the MWPCL, and attorneys' fees and costs as provided under the under the FLSA, MWHL, and MWCPL.

## Jurisdiction and Venue

3.  This Court has subject matter/original jurisdiction over this action pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4.  This Court has supplemental jurisdiction over the MWHL and MWPCL claims, which include unpaid minimum wage, overtime and commission payments, pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same

case or controversy.

5. Venue and personal jurisdiction are proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events and omissions giving rise to the claims in this Complaint occurred in this judicial district.

**Parties**

6. Defendant Microfit Auto Parts, Inc. is a corporation formed in the State of Maryland by the Defendants to engage in the sale and delivery of autoparts through the District of Columbia, Maryland, and Virginia area ("DMV"). Defendant Microfit Auto Parts, Inc. does business at 10726 Tucker Street, Beltsville, Maryland 20705.

7. At all times material herein, Defendant Microfit Auto Parts, Inc. had an annual gross volume of sales made or business done in an amount exceeding $500,000.00. Plaintiffs know this because they and others have delivered a substantial number of auto parts throughout the DMV.

8. Defendant, Microfit Auto Parts, Inc. employs at least two or more employees who are engaged in commerce, and who produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA. For instance, there are employees of Defendant who negotiate and purchase auto parts from producers and suppliers who operate in interstate commerce. There are employees who stock these auto parts. There are also employees, like the Plaintiffs and the proposed class members, who deliver auto parts in small box trucks weighing less than 10,000 pounds, that cross interstate and even international boundaries. Accordingly, subject matter jurisdiction exists because Plaintiffs, and others similarly situated, are employed by Defendant Microfit Auto Parts, Inc., a covered entity, satisfying the enterprise coverage provisions under

the FLSA. Defendant Microfit Auto Parts, Inc. also satisfies the coverage provisions of the MWHL. As a covered enterprise, Defendant Microfit Auto Parts, Inc. has at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

9.  Defendants Inder S. Bain, who upon information and belief goes by the name of "Mike," and Kamaljit K. Bain (collectively referred to herein as the "Bain Defendants") are husband and wife owners of Defendant Microfit Auto Parts, Inc., with complete operational control of Microfit Auto Parts. Upon information and belief, the Bain Defendants maintain joint custody and control of Microfit Auto Part's business records and shares responsibility with one another for maintaining those records, such as payroll records. Additionally, upon information and belief, for all times material to this case, the Bain Defendants were, and continue to be, aware of operational issues throughout the business, and are knowledgeable of Microfit Auto Parts' past and present employment practices and policies and the schedule worked by the drivers (such as the Plaintiffs and the opt-in Plaintiffs) and the compensation paid to the drivers. Upon information and belief, for all times material to this case, the Bain Defendants possessed and continue to possess the authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at Microfit Auto Parts, including Plaintiffs, and possessed the ability to hire employees and both Bain Defendants have terminated employees. Upon information and belief, the Bain Defendants receive and continue to receive income from Defendant Microfit Auto Parts, and have been enriched by the failure of the Defendants to properly pay their workers. At all times material herein, the Bain Defendants have been (together and separately) an "employer" within the meaning of the FLSA, MWHL, and MWPCL. The Bain Defendants are thus jointly and individually liable for damages to Plaintiffs, and others similarly situated opt-in Plaintiffs, arising under the FLSA, MWHL, and MWPCL.

10. As set forth below, Plaintiffs seek unpaid minimum wages and unpaid overtime wages, in amounts to be determined based on the evidence, as well as liquidated and statutory damages, pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the FLSA, MWHL, and MWCPL.

11. Additionally, Plaintiffs seek unpaid commissions promised and owed to them, in amounts to be determined based on the evidence, as well as statutory damages, pursuant to the MWPCL, and attorneys' fees and costs as provided under the MWCPL.

12. Upon information and belief, there exists more than twenty-five (25) past and present employees of Microfit Auto Parts who are similarly situated to Plaintiffs, who have worked for Defendants in the last three years as delivery drivers, and who have not received minimum wages and/or overtime wages, at legally required rates of pay.

13. Plaintiffs and other employees similarly situated, were not exempt under the MWHL and FLSA's minimum wage and overtime requirements.

14. By failing to pay the statutory minimum wage that was due to Plaintiffs and other similarly situated employees, Defendants willfully violated very clear and well-established minimum wage provisions of the FLSA. Plaintiff further alleges that the Defendants violated the minimum wage provisions of the MWHL. Additionally, by failing to pay overtime to Plaintiffs and similarly situated employees, Defendants willfully violated very clear and well-established overtime provisions under the FLSA and the MWHL. In addition to actual sums owed, Plaintiffs seek, on behalf of themselves and other employees similarly situated, liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, three times the minimum wages and overtime owed under the MWHL pursuant to the statutory damage provisions of the MWHL and MWPCL, and attorneys' fees and costs as provided under

the FLSA, the MWHL and MWPCL.

## Factual Allegations

15. Each of the Plaintiffs and additional opt-in Plaintiffs, along with other workers similarly situated, were employed as delivery drivers.

16. Each of the Plaintiffs and additional opt-in Plaintiffs, along with other workers similarly situated, drove vehicles weighing less than 10,000 pounds GVW.

17. Each of the Plaintiffs and additional opt-in Plaintiffs were employed by Defendants within the last three years. For example, Plaintiff Dominguez worked from August 7, 2017 to December 24, 2017 at a weekly rate of $450/week. Gerardo Ventura began in January 2017 and currently works for the Defendants at a weekly rate of $450/week. Jose Munoz worked from June 2014 to December 2015 at a rate of $375/week, worked again from May 2016 to September 2016 at a rate of $450/week, and from January 2017 to September 2017 at a rate of $475/week. Kunauth ("Anthony") Persaud worked from January to April of 2017 at a rate of $450/week and then from April 2017 until February 3, 2018 at a rate of $475/week.

18. All of the Plaintiffs and additional opt-in Plaintiffs, along with other workers similarly situated, were assigned and worked the following schedule:

**Monday through Friday: 8:00 am to 5:30 pm**
**Saturday: 8:30 am to 2:30 pm**

19. However, it was common for Plaintiffs and other workers similarly situated to run over these times due to traffic, business conditions, and other constraints, and therefore Plaintiffs and other workers similarly situated routinely worked until 6:00 pm during weekday and 3:00 pm or later on Saturdays. On average, Plaintiffs estimate that they and all delivery drivers worked at least 56 hours each week.

20. Due to the press of deliveries and pace of business, Plaintiffs, additional opt-in Plaintiffs, and other workers similarly situated were unable to take breaks where they were fully relieved of their work for 20 minutes or more, or lunch breaks of 30 minutes or more.

21. Additionally, each of the Plaintiffs were promised a commission of 1% on the value of goods delivered by them over the course of a month.

22. Upon information and belief, Defendants have failed to pay a commission of 1% to the Plaintiffs and the opt-in Plaintiffs, including at the termination of employment.

23. Defendants have refused, on numerous occasions when questioned by certain delivery drivers, to provide any support for the basis for the commissions.

24. Moreover, Defendants have refused to pay Plaintiff Dominguez any of his final commissions. Plaintiff Dominguez and other delivery drivers were never given accurate accountings from which their commissions were calculated, and therefore Plaintiff Dominguez cannot at this time estimate with any exact accuracy what his commission might be through the last date of his employment.

25. Plaintiff Dominguez has made repeated efforts to receive his commission pay, which have all been flatly refused.

26. Defendants have violated the FLSA, the MWHL, and MWPCL insofar as they:

(a) Failed to properly pay working time over forty hours per week, at a rate no less than one and a half (1 ½) times the regular rate of pay, to Plaintiffs, the opt-in Plaintiffs, and other similarly situated employees;

(b) During certain periods of time, but particularly after July 1, 2017, failed to properly pay a weekly wage plus commission that equal or exceeded the minimum wage mandated by the MWHL to the Plaintiffs and opt-in Plaintiffs;

(c) Failed to properly pay Plaintiff Dominguez any wages at all for his final week of pay, thereby violating not just overtime laws but also the minimum wage provisions of the FLSA and MWHL;

(e) Refused and failed to ensure that Plaintiffs and the opt-in Plaintiffs were paid commissions in the proper amounts promised and at proper times; and

(f) Violated the MWPCL by failing to pay minimum wages, overtime wages, and commissions wages owed to Plaintiffs and other opt-in Plaintiff employees.

## Causes of Action

### COUNT I
### (FLSA - Failure to Properly Pay Overtime)

27. Plaintiffs incorporate paragraphs 1-26, as set forth above, and state, in addition, that Defendants' actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendants willfully failed to pay Plaintiffs and other similarly situated employees overtime compensation for all times that they worked in excess of forty (40) hours per week, and willfully failed to pay overtime compensation at a wage rate of at least one and a half (1 ½) times the Plaintiffs' applicable regular rate of pay.

28. As a result of Defendants' actions complained of herein, Plaintiff and other similarly situated employees have failed to receive the overtime pay due to them, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

### COUNT II
### (MWHL - Failure to Pay Minimum Wage)

29. Plaintiffs incorporate paragraphs 1-28 as set forth above, and states that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art. § 3-413 (minimum wage), because Defendants have, at all material times, failed to pay Plaintiffs and other opt-in

Plaintiffs the proper minimum wage rate for all hours worked, free and clear and in a timely manner, and otherwise failed to comply with the requirements of Md. Ann. Code LE Art. § 3-419.

30. As a result, Defendants owe Plaintiffs, and any other workers that opt into this litigation whose regular rate of pay was less the applicable minimum wage under the MWHL, the difference between what was received on an hourly basis and the then applicable minimum wage, as required by Maryland law and applicable Maryland regulations.

## COUNT III
### (MWHL - Failure to Properly Pay Overtime)

31. Plaintiffs incorporate paragraphs 1-31 as set forth above, and states that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art. § 3-420 (overtime) because Defendants have, at all material times, failed and otherwise refused to compensate Plaintiffs for all hours worked in excess of forty hours a work week at a rate of not less than one and a half (1 ½) times their regular rate of pay, as computed under Md. Ann. Code LE Art. § 3-420.

32. As a result, Defendants owe Plaintiffs, and any other workers that opt into this litigation, overtime wages in the amount of one and a half (1 ½) times their respective regular rates of pay, for all work weeks they worked in excess of forty hours per week.

## COUNT IV
### (MWPCL Act – Unpaid Wages)

33. Plaintiffs incorporate paragraphs 1-32 as set forth above, and state that the actions of Defendants, in failing to pay minimum wages, overtime wages, and commission wages when earned, including payment in proper amounts, are all separate violations of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

34. That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wages and overtime wages as applicable under the MWHL.

35. That impliedly, by operation of law, Plaintiffs and opt-in Plaintiffs were entitled to be paid statutory minimum wages and overtime wages by Defendants which have gone unpaid.

36. Additionally, Defendants have deprived Plaintiff Dominguez of his final commission payment, due at the separation of employment, and have otherwise cheated and defrauded the Plaintiffs of their commissions by engaging in a deliberate scheme to underreport and miscalculate the amount of commissions owed to each Plaintiff.

37. That there are no bona fide disputes between the parties as to the right of the Plaintiffs and opt-in Plaintiffs to receive minimum wages, overtime wages or commission wages due. Defendants knew, or should have known, that it is a covered entity under the MWHL, and that Plaintiffs and opt-in Plaintiffs performed work as employees for which they were not properly compensated. Defendants further knew that Plaintiff Dominguez had requested his final commissions and had not received them, and that their calculations of commissions deprived the Plaintiffs and opt-in Plaintiffs of earned wages.

38. Plaintiffs, and opt-in Plaintiffs, are thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e. the MWHL-mandated minimum wages and overtime wages, along with commission wages, that have gone unpaid.

## Prayer

Based on the foregoing allegations, Plaintiffs respectfully request that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and

costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), and (i) compel Defendants to provide all material contact information, including email addresses, for potential opt-in Plaintiffs who performed work as delivery drivers for Defendants; (ii) issue appropriate Notices as requested in Plaintiffs' Motion for Conditional Certification; (iii) supervise the maintenance of this FLSA collective action; and (iv) supervise and enter appropriate orders allowing this matter to be tried as an FLSA collective action.

(b) Order Defendants to pay Plaintiffs (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), all unpaid minimum wage payments and overtime premiums determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments and overtime premiums awarded to Plaintiff (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), pursuant to the FLSA;

(c) Order Defendants to pay the Plaintiffs (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), an amount equal to triple the amount of unpaid minimum wages, overtime wages, and commission wages owed Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), under the MWHL, after an accounting has been performed, as Plaintiff (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), is entitled to such damages under MWPCL;

(d) Award Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), their attorneys' fees and costs in pursuing this action;

(e) Award Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(f) Grant Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), any additional relief that the Court deems appropriate and just.

Respectfully submitted,

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar No. 25965
600 Jefferson Plaza, Suite 204
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)

Attorney for Plaintiffs

### Jury Demand

The Plaintiffs, by their attorney, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman