IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **TONY DOMINGUEZ,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Civil Action No. CBD-18-0534** |
| ) | |
| **MICROFIT AUTO PARTS,** ) | |
| **INC.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Plaintiffs Tony Dominguez, Kevin Cabrera, Milton Fuentes, Areberth Gonzales, Asdruval Hernandez ("A. Hernandez"), Maximo Hernandez ("M. Hernandez"), Jose Munoz, Edwin Ochoa, Kunauth "Anthony" Persaud, and Gerardo Ventura (collectively "Plaintiffs") along with Defendants Microfit Auto Parts, Inc., Inder S. Bian ("I. Bian"), and Kamaljit K. Bian ("K. Bian") (collectively "Defendants") have submitted a joint motion for approval of their proposed settlement agreement ("Settlement Agreement"). Joint Motion for Approval of Settlement Agreement ("Joint Motion"), ECF No. 36. Currently, both parties have agreed that Defendants will pay a total sum of $128,122.49 to be divided as follows: Plaintiff Dominguez would receive $8,016.75 in compensation for his claims; Plaintiff Cabrera would receive $13,750.00 in compensation for his claims; Plaintiff Fuentes would receive $4,288.99 in compensation for his claims; Plaintiff Gonzales would receive $1,548.76 in compensation for his claims; Plaintiff A. Hernandez would receive $1,171.70 in compensation for his claims; Plaintiff M. Hernandez would receive $36,493.53 in compensation for his claims; Plaintiff Munoz would receive $25,000.00 in compensation for his claims; Plaintiff Ochoa would receive $6,500.00 in

compensation for his claims; Plaintiff Persaud would receive $20,642.97 in compensation for his claims; Plaintiff Ventura would receive $10,709.79 in compensation for his claims.  Parties also agreed that Defendants would pay Plaintiffs' counsel $55,000.00 in total as reimbursement for attorneys' fees and costs incurred throughout these proceedings.

    The Court has reviewed the Joint Motion, the accompanying memorandum, and the applicable law.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md.).  For the reasons stated in the accompanying memorandum, on this 4th day of February 2019, the Court hereby **GRANTS** the parties' Joint Motion without modification as: (1) there exists a *bona fide* dispute; (2) the settlement agreement is both fair and reasonable under the *Saman* test; and, (3) the attorneys' fees agreed to appear to be not only reasonable under *Saman* but also represent a significant reduction from what Plaintiffs' counsel incurred while prosecuting this case.


February 4, 2019                                            /s/
                                                              Charles B. Day
                                                              United States Magistrate Judge


CBD/clc